MORGENSTERN, Admr., Appellant and Cross–Appellee,

v.

CINCINNATI INSURANCE COMPANIES et al., Appellees and Cross–Appellants.

[Cite as *Morgenstern v. Cincinnati Ins. Co.*, 148 Ohio App.3d 652, 2002-Ohio-4049.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 01CA–E–12–065.

Decided Aug. 5, 2002.

Mark Kitrick, Mark Lewis and Sean Harris, for appellant.

Laura M. Faust, Jennifer L. Souza and Mary Peterson, for appellees.

———————

WILLIAM B. HOFFMAN, Presiding Judge.

{¶ 1}  Plaintiff-appellant and cross-appellee Debra L. Morgenstern, administrator of the estate of Steven P. Morgenstern, deceased, appeals from the November 7, 2001 judgment entry of the Delaware County Court of Common Pleas, which granted in part and denied in part her motion for summary judgment, and granted in part and denied in part the motion for summary judgment of defendants-appellees and cross-appellants Cincinnati Insurance Companies ("Cincinnati"), and Continental National Indemnity Company ("CNI").

## STATEMENT OF THE CASE AND FACTS

{¶ 2}  This case arises out of a motor vehicle accident that occurred on July 2, 1999.  On that date, appellant's decedent was killed by an underinsured tortfeasor.  Appellees do not dispute that the tortfeasor negligently and recklessly operated his vehicle over the center line and struck the decedent.

{¶ 3}  At the time of the accident, the decedent was an employee of Sandel Corporation.  Sandel owned an automobile policy and an umbrella policy issued by appellee Cincinnati.  The declarations page of the Cincinnati policy provided the name insureds to be "the Sandel Corporation, Walther and Kathryn Sandel." The automobile policy is not an issue in this appeal.

{¶ 4}  The umbrella policy lists the limits of insurance as $3,000,000.  However, on October 10, 1998, Sandel, through its authorized representative, Walter Sandel, executed an option to reduce UM/UIM coverage on the umbrella policy to $1,000,000.  The application for excess UM/UIM coverage form was received by Cincinnati on November 17, 1998.  The umbrella policy included two endorsement attachments, entitled "Excess Uninsured Motorist Coverage Endorsement–Ohio."  On one of these endorsements, the UM/UIM limit is listed as $1,000,000. The other endorsement leaves the UM/UIM limit blank.

{¶ 5}  Also at the time of the automobile collision, the decedent's father, Steven L. Morgenstern, was an employee of the Righter Company.  The Righter Company owned a motor vehicle insurance policy issued by appellee CNI. At oral argument, this court was informed that appellant and appellee CNI had settled their claims.  Accordingly, appellant withdrew her assignments of error as they related to appellee CNI. On June 14, 2002, appellees CNI filed their suggestion of settlement with this court.

{¶ 6} Appellant's complaint sought declaratory judgment to determine whether coverage existed under the Cincinnati policies, and, if so, the amount of coverage to which the estate would be entitled.

{¶ 7} On September 7, 2001, appellant filed a motion for summary judgment with respect to her claim against appellee Cincinnati. In her motion for summary judgment, appellant argued, pursuant to *Scott–Pontzer v. Liberty Mut. Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, that her decedent was an insured under Cincinnati's umbrella policy. Appellant further asserted that the amount of coverage under the umbrella policy was $3,000,000. Appellant contended that Sandel's selection to reduce the amount of coverage under the umbrella policy for UM/UIM coverage was invalid under the standards set forth in *Linko v. Indemn. Ins. Co. of N. Am.* (2000), 90 Ohio St.3d 445, 739 N.E.2d 338. Appellant also maintained that Cincinnati's umbrella policy regarding UM/UIM coverage was ambiguous because one endorsement listed a $1,000,000 limit of liability, while a seemingly identical separate endorsement was left blank.

{¶ 8} On October 4, 2001, Cincinnati filed a memorandum in opposition and a cross-motion for summary judgment. Appellee argued that *Scott–Pontzer* did not apply to the umbrella policy, because unlike the policy in *Scott–Pontzer*, appellee's policy listed not only the corporation's name but also specifically listed the names of two private individuals. Appellee further asserted that Sandel validly reduced the UM/UIM limits under the umbrella policy to $1,000,000. Appellee argued that *Linko* was inapplicable to determine whether Sandel validly reduced the UM/UIM limits. In making this argument, appellee noted that *Linko* interpreted R.C. 3937.18 as it existed under 1994 S.B. 20, that 1997 H.B. 261 amended the S.B. 20 version of R.C. 3937.18, and that R.C. 3937.18 as amended by H.B. 261 provides the appropriate standard for determining the validity of a rejection or reduction of UM/UIM limits. Appellee asserted that its umbrella policy was not ambiguous regarding the limits of UM/UIM coverage, maintaining that the one blank endorsement form was simply a clerical error.

{¶ 9} In its November 7, 2001 judgment entry, the trial court granted appellant's motion for summary judgment in part and denied her motion in part. Further, the trial court granted appellee's motion for summary judgment in part and denied it in part. The trial court first found that appellant's decedent was an insured under the umbrella policy. The trial court found that appellee's argument that *Scott–Pontzer* did not apply because the umbrella policy specifically listed two individuals in the declaration page to be without merit. The trial court found that the declarations statement did not unambiguously reveal that the parties' intent was to provide coverage solely to Walther and Kathryn Sandel. Accordingly, because the language was reasonably open to interpretation, the

trial court interpreted the policy in favor of the insured and in accordance with *Scott–Pontzer*.

{¶ 10} The trial court next found that the Sandel Corp. validly reduced the amount of UM/UIM coverage under the umbrella policy to $1,000,000. Reaching this decision, the trial court found that *Linko* was inapplicable to the case at bar. Because *Linko* interpreted a version of R.C. 3937.18 that predated the H.B. 261 version at issue herein, the trial court found that *Linko* to be inapplicable. In interpreting the statute, the trial court found that the signed rejection created a presumption that a proper offer of UM/UIM coverage existed, without the separate requirements of *Linko*. Finally, the trial court was unpersuaded that the two endorsement forms created an ambiguity and therefore found in favor of Cincinnati.

{¶ 11} It is from this judgment entry both appellant and cross-appellee and appellee and cross-appellant appeal. Appellant assigns the following errors for our review:

{¶ 12} "I. The trial court erred in holding that *Linko v. Indemn. Ins. Co. of N. Am.* (2000), 90 Ohio St.3d 445 [739 N.E.2d 338], did not apply to appellee Cincinnati's umbrella policy.

{¶ 13} "II. The trial court erred in holding that appellee CNI's policy excluded coverage for appellant based on a purported 'other owned auto' exclusion.

{¶ 14} "III. The trial court erred in failing to find that appellee CNI's UM/UIM reduction form under is invalid [sic] *Linko v. Indemn. Ins. Co. of N. Am.* (2000), 90 Ohio St.3d 445 [739 N.E.2d 338], and failing to find that coverage arose by operation of law."

{¶ 15} Appellee and cross-appellant assigns the following error for our review:

{¶ 16} "Cross Appellant I. The trial court erred in finding that appellant is an insured under Cincinnati's umbrella policy."

I

{¶ 17} In appellant's first assignment of error, she maintains that the trial court erred in finding that *Linko* did not apply to Cincinnati's umbrella policy. We agree.

{¶ 18} We have previously decided this issue in *Pillo v. Stricklin,* Stark App. No. 2001CA00204, 2001-Ohio-7049, 2002 WL 137255; and *Still v. Indiana Ins. Co.,* Stark App. No. 2001CA00300, 2002-Ohio-1004, 2002 WL 358652.

{¶ 19} We adhere to these previous decisions. For the reasons stated therein, we reverse the November 7, 2001 judgment entry to the extent it found *Linko* to be inapplicable.

## II, III

{¶ 20} We do not address these assignments of error, as they were withdrawn at oral argument.

## Cross–Appeal

## I

{¶ 21} In appellee and cross-appellant Cincinnati's sole assignment of error, it maintains that the trial court erred in failing to find that the inclusion of individuals as named insured on the declaration page of its policy cured any ambiguity relative to who was an insured under the policy. Cincinnati argues that because there were individuals as named insureds, *Scott–Pontzer* would not apply to create coverage by operation of law. We disagree.

{¶ 22} We have previously addressed this issue in *Burkhart v. CNA Ins. Co.* (Feb. 25, 2002), Stark App. No.2001CA00265, 2002 WL 316224; and *Hopkins v. Dyer* (Mar. 28, 2002), Tuscarawas App. Nos.2001AP080087 and 2001AP080088, 2002 WL 501241. For the same reasons stated therein, we overrule appellee and cross-appellant's assignment of error.

{¶ 23} The November 7, 2001 judgment entry of the Delaware County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with this opinion and the law.

Judgment accordingly.

GWIN and EDWARDS, JJ., concur.