OPINION
{¶ 1} Defendant-appellant Midwestern Indemnity Company ("Midwestern") appeals the May 21, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas, which granted summary judgment in favor plaintiff-appellee Ada L. Blake, n.k.a. Blind, and overruled Midwestern's motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 5, 1994, Robert Daniel Stewart, appellee's son, sustained fatal injuries when he was involved in a single vehicle collision. Stewart was a passenger in a vehicle rented and driven by Janet Sypolt. Sypolt's negligence was the sole proximate cause of the accident. At the time of the accident, appellee and Stewart did not reside together in Ohio. Appellee had underinsured motorist coverage through a policy issued by Wayne Mutual Insurance.
 {¶ 3} On the date of the accident, appellee was employed with Bag `N' Save Foods, Inc., which was insured under commercial auto and commercial general liability policies issued by Midwestern. Midwestern did not have a valid and enforceable written offer and rejection of UM/UIM coverage for the policies insuring Bag `N' Save, as named insured, and in effect on the day of the accident. January 31, 2002 Stipulation at para. 16.
 {¶ 4} Appellee subsequently filed a complaint in the Tuscarawas County Court of Common Pleas, seeking underinsured motorist benefits from Midwestern.[1] The parties filed respective motions for summary judgment. Via Judgment Entry filed May 21, 2002, the trial court found in favor of appellee and against Midwestern.
 {¶ 5} It is from this judgment entry Midwestern appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court erred by extending um coverage to plaintiff under scott-pontzer because the policy specifically names individuals in addition to the corporation therefore removing the ambiguity under which the court in Scott-pontzer allowed coverage.
 {¶ 7} "II. The trial court erred by extending um coverage under operation of law to plaintiff under midwestern's general liability policy when the policy is not an auto policy and only provides auto liability coverage for vehicles not owned by the insured that are parked on or near a premises owned by the insured.
 {¶ 8} "III. The trial court erred by holding that waiting seven years before reporting a claim to a um insurer is not late notice and is not prejudicial.
 {¶ 9} "IV. The trial court erred by allowing um coverage when an insured settles with the tortfeasor in violation of the terms in the policy and destroys the insurers [sic] subrogation rights.
 {¶ 10} "V. The trial court erred by extending uninsured motorist coverage by operation of law to plaintiff under midwestern's auto policy when the policy contained an ohio uninsured motorist endorsement."
 V. {¶ 11} On October 11, 2002, Midwestern filed a Motion for Leave to File an Amended Brief with Amended Certificate of Service. Midwestern explained it filed its appellant's brief on August 19, 2002, but had inadvertently failed to serve a copy of the brief on the other parties. Midwestern asked to amend its brief to show the correct service date of October 8, 2002, on the certificate of service with no substantive changes to the body of the brief. This Court granted Midwestern's request via Order filed October 22, 2002. Prior to the filing of that Order on October 21, 2002, Midwestern filed a Motion for Leave to File Second Amended Brief with Amended Certificate of Service, requesting this Court allow it to substantively amend its brief with the addition of a fifth assignment of error. Via Judgment Entry filed October 30, 2002, this Court permitted Midwestern to file its second amended brief. Appellee objected to Midwestern's motion for leave to file second amended brief on October 31, 2002.
 {¶ 12} Upon reconsideration, I find our October 30, 2002 Judgment Entry was improvidently granted and, as such, I do not recognize Midwestern's fifth assignment of error. Certainly this Court will permit a party to submit supplemental authority, but to allow a party to raise a completely new assignment of error after its brief is filed is improvident. Though concedely dicta, had I considered Midwestern's fifth assignment of error, I would have found such argument to be without merit. UIM coverage was not a provision of the contract contemplated by the parties. Bag `N' Save never requested UIM coverage, and despite the inadvertent/mistaken inclusion of the UIM endorsement, which Midwestern's authorized agent, Michael Crowley, concedes was erroneous (see Deposition of Michael Crowley at 13), there was no meeting of the minds. UIM coverage was not created by contract.
 {¶ 13} Given the parties' stipulation in paragraph 16, supra, Midwestern did not have a valid and enforceable written offer and rejection of UM/UIM coverage. I concur with the trial court UIM coverage arose by operation of law.
 {¶ 14} I would order appellant's fifth assignment of error stricken.
 I. {¶ 15} In its first assignment of error, Midwestern contends the trial court erred in extending UIM coverage to appellee. Specifically, Midwestern argues the trial court's finding the inclusion of specific individuals as named insureds as well as the corporation in Midwestern's policies, did not eliminate the ambiguity which was fatal in Scott Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292, was erroneous. I disagree.
 {¶ 16} In Scott-Pontzer, supra, the Ohio Supreme Court found where a corporation is the named insured and the definition of insured is "you" and "if you are an individual, you or any family member", the language must be construed to extend insured status to employees, rather than strictly to the corporate entity, which cannot occupy or operate an automobile or suffer bodily injury or death.
 {¶ 17} In Burkhart v. CNA Ins. Co., 2002-Ohio-903, Stark 5th App. No. 2001CA00265, this Court found the rationale announced by the Ohio Supreme Court in Scott-Pontzer applicable to policies which list both the corporation and also specific individuals. In Burkhart, we held, "[I]f the policies were only intended to afford coverage to the specific individuals named, then the inclusion of the corporation as a named insured is superfluous. Likewise here, if the policy was intended to only insure [the specific named individuals], then the corporation would not have been listed as a named insured." See, also, Morgenstern v.Cincinnati Ins. Co., 148 Ohio App.3d 652, 2002-Ohio-4049; Still v.Indiana Ins. Co., 2002-Ohio-1004, Stark 5th App. No. 2001CA00300; Hopkinsv. Dyer, 2002-Ohio-1576, Tusc. 5th App. Nos. 2001AP080087, 2001AP080088;Pahler v. Motorists Mut. Ins. Co., 2002-Ohio-5762, Stark 5th App. No. 2001CA00022.
 {¶ 18} I would adhere to our earlier decisions and overrule Midwestern's first assignment of error.
 II. {¶ 19} In its second assignment of error, Midwestern asserts the trial court erred in finding UIM coverage arose by operation of law based upon its determination the commercial general liability policy was an "auto policy" and subject to former R.C. 3937.18.
 {¶ 20} The commercial general liability policy at issue herein provides:
 {¶ 21} "COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
 {¶ 22} "1. Insuring Agreement
 {¶ 23} We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies.
 {¶ 24} "2. Exclusions
 {¶ 25} "This insurance does not apply to:
 {¶ 26} "g. `Bodily injury' or `property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, `auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and `loading or unloading.'
 {¶ 27} "This exclusion does not apply to:
 {¶ 28} "3. Parking an "auto" on, or on the ways next to, premises you own or rent, provided the `auto is not owned by or rented or loaned to you or the insured.'"
 {¶ 29} For the reasons set forth in my dissent in Szekeres v.State Farm Fire Casualty Co., 2002-Ohio-5989, Licking 5th App. No. 02CA0004, I find the commercial general liability policy was a motor vehicle liability policy pursuant to Selander v. Erie Ins. Group,85 Ohio St.3d 541, 1999-Ohio-287. As such UIM coverage arose by operation of law and Midwestern failed to comply with the mandates of R.C. 3937.18.
 {¶ 30} I would overrule Midwestern's second assignment of error.
 III, IV {¶ 31} In its third and fourth assignments of error, Midwestern maintains the trial court erred in finding the notice and subrogation provisions in both the commercial auto and commercial general liability policies did not carry over to UM/UIM coverage.
 {¶ 32} Having found in Midwestern's second assignment of error UIM coverage arose by operation of law in both Midwestern's commercial auto policy and commercial general liability policies, I find the notice and subrogation provisions are unenforceable. See, Rohr v. The CincinnatiIns. Co., 2002-Ohio-1583, Stark 5th App. No. 2001CA00237; Greene v.Westfield Ins. Co., 2002-Ohio-6179, Stark 5th App. No. 2002CA00114.
 {¶ 33} I would overrule Midwestern's third and fourth assignments of error.
 {¶ 34} I would affirm the judgment of the Tuscarawas County Court of Common Pleas in toto.
JUDGE WILLIAM B. HOFFMAN
[1] Appellee settled with the tortfeasor. Appellee also settled with National Car Rental Company, the owner of the rental vehicle Sypolt was driving.