OPINION
{¶ 1} On October 18, 1999, James Shafer sustained injuries when he was operating his own vehicle and became involved in an automobile accident caused by the negligence of another individual.
 {¶ 2} At the time of the accident, Mr. Shafer and his wife were insured under a personal automobile policy issued by appellant, Nationwide Mutual Insurance Company. Mrs. Shafer was employed with Haines Company, Inc., insured under a business auto policy issued by appellee, Royal SunAlliance Personal Insurance. The tortfeasor was insured under a personal automobile policy issued by State Farm.
 {¶ 3} The Shafers settled with State Farm for $25,000 (limits) and with Nationwide for $35,000 (under limits).
 {¶ 4} On March 4, 2002, Nationwide filed a declaratory judgment action against Royal seeking contribution and/or indemnification. Both parties filed motions for summary judgment. By judgment entry filed October 25, 2002, the trial court granted Royal's motion and denied Nationwide's motion. Specifically, the trial court found the Shafers qualified as insureds under the Royal policy, but the "other owned vehicle" exclusion in the policy operated to exclude coverage.
 {¶ 5} Nationwide filed an appeal and assigned the following errors:
 I {¶ 6} "The trial court erred in granting appellee/cross-appellant's motion for summary judgment and denying appellant/cross-appellee's cross-motion for summary judgment when it ruled that exclusions other than the `notice and subrogation' provisions contained in appellee/cross-appellant's policy were valid, enforceable and/or non-ambiguous."
 II {¶ 7} "The trial court erred in granting appellee/cross-appellant's motion for summary judgment and denying appellant/cross-appellee's cross-motion for summary judgment because a genuine dispute exists as to a material fact or facts regarding whether any notice and subrogation provisions were violated or waived and also whether any prejudice occurred."
 {¶ 8} Royal filed a cross-appeal and assigned the following errors:
CROSS-ASSIGNMENT OF ERROR I
 {¶ 9} "The trial court erred in holding that Mr. Mrs. Shafer are insureds under the policy issued by appellee/cross-appellant to Haines Company."
CROSS-ASSIGNMENT OF ERROR II
 {¶ 10} "The trial court erred in not holding that nationwide would provide primary coverages as an additional reason for granting appellee/cross-appellant's motion for summary judgment."
 I {¶ 11} Nationwide claims the trial court erred in finding the "other owned vehicle" exclusion was "valid, enforceable and/or non-ambiguous." We disagree.
 {¶ 12} Royal's business auto policy contained express uninsured/underinsured motorist coverage. Therefore, the specific provisions of the policy apply. See, Szekeres v. State Farm Fire and Cas.Co., Licking App. No. 02CA00004, 2002-Ohio-5989; Dalton v. The TravelersInsurance Co. (December 23, 2002), Stark App. Nos. 2001CA00380, 2001CA00393, 2001CA00407 2001CA00409.
 {¶ 13} The uninsured/underinsured motorists coverage included the following specific exclusion:
 {¶ 14} "This insurance does not apply to:
 {¶ 15} "* * *
 {¶ 16} "5. `Bodily injury' sustained by:
 {¶ 17} "a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorist Coverage under this Coverage Form;
 {¶ 18} "b. Any `family member' while `occupying' or when struck by any vehicle owned by that `family member' that is not a covered `auto' for Uninsured Motorist Coverage under this Coverage Form; or
 {¶ 19} "c. Any `family member' while `occupying' or when struck by any vehicle owned by you that is insured for Uninsured Motorist Coverage on a primary basis under any other Coverage Form or policy." See, Section C of the Ohio Uninsured Motorists Coverage — Bodily Injury Endorsement, attached to Royal's Motion for Summary Judgment as Exhibit A.
 {¶ 20} A covered auto is defined in the policy as follows:
 {¶ 21} "Each of these coverages will apply only to those `autos' shown as covered `autos'. `Autos' are shown as covered `autos' for a particular coverage by the entry of one or more symbols from the covered auto section of the Business Auto Coverage Form next to the name of the coverage." See, Business Auto Coverage Part Declarations, attached to Royal's Motion for Summary Judgment as Exhibit A.
 {¶ 22} It is undisputed that Mr. Shafer was a "family member" who was occupying his own auto which was not a "covered auto" for uninsured/underinsured motorists purposes under Royal's policy.
 {¶ 23} We find our opinion in Miller v. Grange Mutual CasualtyCompany, Stark App. No. 2002CA00058, 2002-Ohio-5763, to be applicable in this case. In Miller, this court upheld an "other owned vehicle" exclusion, determining the following:
 {¶ 24} "R.C. 3937.18 was amended effective September 3, 1997. The statute now provides that UM/UIM coverage may include terms and conditions that preclude coverage of bodily injury suffered by an insured when the insured is operating or occupying a motor vehicle owned, furnished to, or available for the regular use of the named insured, a spouse, or a resident relative if the motor vehicle is not specifically identified in the policy under which the claim is made, or not is a newly acquired or replacement vehicle for a motor vehicle covered under the terms of the policy.
 {¶ 25} "* * *
 {¶ 26} "In Scott-Pontzer, the Supreme Court explained the word `you' is ambiguous because a corporation does not need insurance against bodily injuries. A corporation does not drive a car, or be injured. Only the employees of the corporation can do so.
 {¶ 27} "Applied to the `other owned vehicle' clause, the corporation can own a vehicle, but cannot suffer bodily injury or death.Scott-Pontzer's logic requires us to find the `you' here includes both the corporation and its employees."
 {¶ 28} The "other owned vehicle" exclusion is in fact a valid, enforceable exclusion. The trial court did not err in finding the Shafers were not entitled to coverage under Royal's policy based upon this exclusion.
 {¶ 29} Assignment of Error I is denied.
 II {¶ 30} Because we found no coverage under the previous assignment, we find this assignment to be moot.
CROSS-ASSIGNMENT OF ERROR I
 {¶ 31} Royal claims the trial court erred in finding the Shafers to be named insureds under its policy. Specifically, Royal claims the listing of individually named insureds removed the ambiguity ofScott-Pontzer.
 {¶ 32} Although we found no coverage under Royal's policy based upon the "other owned vehicle" exclusion, we will address this issue.
 {¶ 33} The uninsured/underinsured motorist provisions define an "insured" as follows:
 {¶ 34} "1. You.
 {¶ 35} "2. If you are an individual, any `family member.'
 {¶ 36} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.'* * *
 {¶ 37} "4. Anyone else for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'." See, Section B of the Ohio Uninsured Motorists Coverage — Bodily Injury Endorsement, attached to Royal's Motion for Summary Judgment as Exhibit A.
 {¶ 38} The policy states "the words `you' and `your' refer to the Named Insured shown in the Declarations." See, Business Auto Coverage Form, attached to Royal's Motion for Summary Judgment as Exhibit A. The named insureds include Haines Company, Inc. as well as individuals.
 {¶ 39} Although this writer has found when the declarations include named individuals as well as a company/corporation, the policy language is not ambiguous and therefore Scott-Pontzer does not apply, [Pahler v. Motorist Mutual Insurance Company, Stark App. No. 2002CA00022, 2002-Ohio-5762, (Farmer, J., dissenting)], this is not the law of this district. The majority holds Scott-Pontzer is applicable to policies which list both a corporation and specific individuals. See,Burkhart v. CNA Insurance, Stark App. No. 2001CA00265, 2002-Ohio-903;Morgenstern v. Cincinnati Insurance Co., 148 Ohio App.3d 652,2002-Ohio-4049; Hopkins v. Dyer, Tuscarawas App. Nos. 2001AP080087 and 2001AP080088, 2002-Ohio-1576; Greene v. Westfield Insurance Co., Stark App. No. 2002CA000126, 2002-Ohio-7210; Pahler.
 {¶ 40} Cross-Assignment of Error I is denied.
CROSS-ASSIGNMENT OF ERROR II
 {¶ 41} Royal claims the trial court erred in not holding that Nationwide would provide primary coverage as an additional reason for granting its motion for summary judgment.
 {¶ 42} The trial court granted the motion based upon the exclusion in the policy. The trial court was not obligated to provide additional reasons.
 {¶ 43} Cross-Assignment of Error II is denied.
 {¶ 44} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J., and Boggins, J., concur.